## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMRO ELANSARI, : | |
| *Petitioner pro se* : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-3593 |
| : | |
| THE FEDERAL BUREAU OF : | |
| INVESTIGATION, *et al.*, : | |
| *Respondents* : | |

### M E M O R A N D U M

**QUIÑONES ALEJANDRO, J.**                                                                                          **JULY 30, 2020**

Amro Elansari, who is proceeding *pro se*, filed a *Petition for a Writ of Mandamus* ("Petition") against the Federal Bureau of Investigation ("FBI"), the Department of Justice ("DOJ"), and the West Goshen Police Department. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Elansari leave to proceed *in forma pauperis* and will dismiss his Petition, as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### I.     FACTUAL ALLEGATIONS

The impetus for Elansari's Petition is his belief that the Respondents should be prosecuting certain individuals for conduct Elansari believes is criminal. The conduct in question concerns online posts on the Facebook pages for West Chester Township and Phoenixville. Elansari alleges that certain individuals or groups of individuals have been posting "racially/politically unrealistic and provocative posts – not out of genuine belief – but on false accounts represented as middle aged Caucasian individuals – specifically to rile up minorities and other individuals throughout the community – under the premise that they cannot be stopped." (ECF No. 2 at 4.)[1] Elansari

---

[1]     The Court adopts the pagination assigned by the CM/ECF docketing system.

alleges that he and other individuals feel threatened by this conduct, and that he reported the matter to local authorities and the FBI. Those authorities responded to Elansari that they did not believe the conduct was criminal.[2]

Elansari alleges that the conduct in question violates federal and state criminal law. He, therefore, alleges that the Respondents have a "duty to protect" and that their failure to act is a breach of that duty. (*Id.* at 7.) Elansari filed the instant Petition to compel prosecution of the individuals responsible for the Facebook posts. (*Id.* at 7 & 9.)

II.     **STANDARD OF REVIEW**

The Court will grant Elansari leave to proceed *in forma pauperis* because it appears that he is not capable of pre-paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Petition if, among other things, it is frivolous. A pleading is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Elansari is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.     **DISCUSSION**

The Court understands Elansari to be bringing his Petition pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Notably, the statute does not provide a remedy against state

---

[2]     Elansari filed his Petition on the same day he had a disagreement with an FBI agent regarding whether the Facebook posts violated a federal criminal statute concerning intent to incite a riot. (ECF No. 2 at 1.)

actors or agencies, so there is no legal basis for the Court to grant Elansari's Petition as to the West Goshen Police Department, which is *not* a federal agency. *See Harman v. Datte*, 427 F. App'x 240, 243 (3d Cir. 2011) (observing that the district court properly rejected a request for mandamus relief because, "to the extent [plaintiffs] sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories."); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (explaining that the district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official").

Elansari's Petition fares no better against the FBI and DOJ, both of which are federal agencies. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). As the decision to prosecute an individual is discretionary, there is no legal basis for mandamus relief here.[3] *See Bailey v. Brandler*, 726 F. App'x 108, 109 (3d Cir. 2018) (*per curiam*) ("Mandamus relief is unavailable here because the decision of a United States Attorney to prosecute a person is discretionary," (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973)); *Banks v. U.S. Attorney*, 318 F. App'x 56, 57 (3d Cir. 2009) (*per curiam*) ("[T]he Department of Justice's decision to prosecute an individual is purely discretionary; therefore, mandamus could not lie under 28 U.S.C. § 1361 to compel prosecution of Banks's alleged offenders."). In sum, there is no legal basis for granting Elansari's Petition.

---

[3]   Elansari requests prosecution of the individuals responsible for the Facebook posts. It is worth noting, however, that the decision to initiate a federal criminal investigation is likewise discretionary and does not provide a basis for mandamus relief. *See Piskanin v. John Doe*, 349 F. App'x 689, 691 (3d Cir. 2009) (per curiam) (request for mandamus relief was improper because "the decision to initiate an investigation is within the FBI's discretion" (citing *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

4

Therefore, the Petition is dismissed as frivolous.  Elansari will not be permitted to file an amended Petition because any such amendment would be futile.  An Order follows.

*Nitza I. Quiñones Alejandro, J.*